# IN THE SUPREME COURT OF THE STATE OF NEVADA

GOLDEN BOY PROMOTIONS, INC., A CALIFORNIA CORPORATION,
Appellant,
vs.
POUND FOR POUND PROMOTIONS, INC., A NEVADA CORPORATION,
Respondent.

No. 80883

FILED

SEP 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

In 2005, appellant Golden Boy Promotions, Inc., and respondent Pound for Pound Promotions, Inc., entered into a written agreement that granted Golden Boy the exclusive right to promote a boxer, Shane Mosely, for five fights. Pound for Pound also agreed to recruit boxers for Golden Boy and, upon meeting certain financial requirements at each bout, Pound for Pound would receive an equity interest in Golden Boy. The agreement consisted of two term sheets: (1) a Promotional Term Sheet that contained a forum-selection clause placing exclusive jurisdiction in Clark County, Nevada; and (2) an Executive Term Sheet that contained an arbitration clause requiring any arbitration to occur in Los Angeles, California.

In 2016, Pound for Pound sued Golden Boy in Clark County for breach of contract, among other claims. Shortly thereafter, Golden Boy removed the case to federal court and filed a motion to transfer venue, but the case was ultimately remanded back to state district court. Golden Boy

21-26732

then filed a motion to dismiss for forum non conveniens, arguing that the dispute should be resolved by binding arbitration in Los Angeles consistent with the arbitration clause in the Executive Term Sheet. The district court granted the motion and Pound for Pound appealed that order to this court. In that appeal, we reversed and remanded the matter, determining that both term sheets constitute one agreement. *See Pound for Pound Promotions, Inc. v. Golden Boy Promotions, Inc.*, Docket No. 73554 (Order of Reversal and Remand, Dec. 17, 2018). On remand, Golden Boy filed a second motion to dismiss or, in the alternative, compel arbitration.

The district court denied Golden Boy's motion, concluding that under the forum-selection clause in the Promotional Term Sheet the parties agreed that exclusive jurisdiction would be in Clark County, and that the parties have significant contacts there. The district court also found that Golden Boy had waived its right to arbitration because it failed to enforce that right for three years. Specifically, the district court concluded that Golden Boy's delay in bringing a motion to compel arbitration was inconsistent with the right to arbitrate and prejudiced Pound for Pound by forcing it to litigate substantive issues and incur significant litigation costs. Golden Boy appeals, arguing that the district court erred by not enforcing the arbitration clause in the Executive Term Sheet based on its finding that Clark County has exclusive jurisdiction, and by finding that Golden Boy waived its right to arbitration.

"Whether a dispute arising under a contract is arbitrable is a matter of contract interpretation, which is a question of law that we review de novo." *Tallman v. Eighth Judicial Dist. Court*, 131 Nev. 713, 720, 359 P.3d 113, 118 (2015) (internal quotation marks omitted). "As a matter of public policy, Nevada courts encourage arbitration and liberally construe

arbitration clauses in favor of granting arbitration." *Id.* at 720, 359 P.3d at 119 (internal quotation marks omitted).

As we decided in the prior appeal, "the two term sheets are presumed to be a single contract" and "must be construed together." *Pound for Pound Promotions, Inc.*, Docket No. 73554, at *4. Further, "the forum selection clause in the Promotional Rights Term Sheet did not conflict with the arbitration clause in the Executive Term Sheet, rather, the clauses are harmonious." *Id.* at *4-5. Moreover, section 6.5 of the Executive Term Sheet states that "[e]ither party may bring an action in any court of competent jurisdiction, if necessary, to compel arbitration . . . or to enforce an arbitration award." Reading these provisions harmoniously, we conclude that the district court erred in finding that the courts in Clark County have exclusive jurisdiction. In addition, we conclude that the underlying action is subject to arbitration in Los Angeles, but all ancillary proceedings, such as to enforce any arbitration award, should be conducted in courts in Clark County. *See Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278, 284-85 (2d Cir. 2005) (construing a forum selection clause as complementary to an arbitration agreement and concluding that the forum selection clause provided New York courts with jurisdiction over ancillary proceedings— such as to enforce an arbitral award or to challenge the validity of the arbitration agreement—but that the merits of any dispute should be resolved in the first instance by arbitration), *abrogated on other grounds by Granite Rock Co. v. Int'l Bhd. Of Teamsters*, 561 U.S. 287 (2010); *see also* NRS 38.221(7) (providing that "[i]f the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration").

We further conclude that Golden Boy did not waive its right to arbitration. A party waives its right to arbitration if it "(1) knew of [its] right to arbitrate, (2) acted inconsistently with that right, and (3) prejudiced the other party by [its] inconsistent acts." *Nev. Gold & Casinos, Inc. v. Am. Heritage, Inc.*, 121 Nev. 84, 90, 110 P.3d 481, 485 (2005). Under both federal and state law, there is a strong presumption in favor of arbitration. *See Coca-Cola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812*, 242 F.3d 52, 57 (2d Cir. 2001) ("[T]here is a strong presumption in favor of arbitration."); *Tallman*, 131 Nev. at 720, 359 P.3d at 119 ("As a matter of public policy, Nevada courts encourage arbitration and liberally construe arbitration clauses in favor of granting arbitration."). Thus, "waiver of the right to arbitration is not to be lightly inferred." *Coca-Cola*, 242 F.3d at 57 (internal quotation marks omitted).

Here, the district court reasoned that Golden Boy's delay in asserting its right to compel arbitration constituted waiver because it "shows that the key benefit of an arbitration clause, a faster and less expensive resolution of a dispute, was of no interest to [Golden Boy]." However, as Golden Boy argues, its litigation conduct to date has been consistent with its right to arbitrate. Golden Boy's decision to remove the action to federal court cannot constitute waiver as a matter of law. *See Tallman*, 131 Nev. at 729, 359 P.3d at 124 ("A defendant does not automatically waive his right to compel arbitration by removing an action from state to federal court."). Further, Golden Boy consistently attempted to move the underlying action to California. In federal district court, Golden Boy filed a motion to transfer venue, and, upon remand from the federal court, Golden Boy filed a motion to dismiss for forum non conveniens, arguing that the dispute should be resolved in accordance with the binding

arbitration clause in Los Angeles. Additionally, over two years of the underlying action was consumed by Pound for Pound's appeal to this court. In short, Golden Boy did not act inconsistently with its right to arbitrate. Thus, we conclude that the district court erred when it determined that Golden Boy waived its right to arbitration.[1] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Timothy C. Williams, District Judge
        Thomas J. Tanksley, Settlement Judge
        Greenberg Glusker Fields Claman & Machtinger
        Kennedy & Couvillier, PLLC
        Anderson McPharlin & Conners LLP/Las Vegas
        GriggsLittleAPC
        Eighth District Court Clerk

---

[1]Given this conclusion, we need not address whether Pound for Pound was prejudiced. *See State Dep't. of Emp't, Training & Rehab., Emp't Sec. Div. v. Reliable Health Care Servs. of S. Nev., Inc.*, 115 Nev. 253, 257-58, 983 P.2d 414, 417 (1999) (determining that a statute with three statutory requisites joined by an "and" was "conjunctive in nature" and required all three criteria to be proven).